IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| INEABELLE RIOS,<br><br>     Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>     Defendant. | Civil Action No.  RWT-09-cv-02034 |

## ANSWER

Defendant Metropolitan Life Insurance Company ("MetLife"), through undersigned counsel, does hereby answer the Complaint of Plaintiff Ineabelle Rios as follows:

1.     Defendant admits that Plaintiff Ineabelle Rios is a resident and citizen of the State of Maryland and was employed by United Airlines, Inc. ("United").  Defendant specifically denies that Plaintiff was Disabled as defined by the United Airlines, Inc. Employee Benefit Plan ("Plan").  The remaining allegations of paragraph 1 are denied.

2.     Defendant denies that it is also known as Life Insurance Company of North America.  Defendant admits that it is incorporated in and has its principal place of business in New York and is authorized to carry out business in the State of Maryland.  Defendant admits that it issued to United a group policy of insurance to fund benefits under the Plan.  The remaining allegations of paragraph 2 are legal conclusions to which no response is required.  Otherwise, the allegations of paragraph 2 of the Complaint are denied.

3.     The allegations of paragraph 3 are legal conclusions to which no response is required.

4. Defendant admits that it issued to United a group policy of insurance to fund benefits under the Plan. The remaining allegations of paragraph 4 are legal conclusions to which no response is required.

5. Defendant denies that Plaintiff is entitled to benefits under the Plan. The remaining allegations of paragraph 5 are legal conclusions to which no response is required.

6. Defendant admits that this Court has jurisdiction over this action.

7. Defendant admits that venue is proper in this Court.

8. Defendant admits that Plaintiff was employed by United as a customer service representative.

9. Defendant admits that Plaintiff was a participant under the Plan, the terms of which speak for themselves. Defendant admits that it issued to United a group policy of insurance to fund benefits under the Plan. The remaining allegations of paragraph 9 of the Complaint are denied.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff had certain medical conditions as reflected in the information contained within the administrative claim file with respect to her claim for benefits under the Plan. The remaining allegations of paragraph 11 of the Complaint are denied. Defendant specifically denies that Plaintiff was Disabled as defined by the Plan.

12. Defendant admits that Plaintiff's last day of work was June 25, 2005. The remaining allegations of paragraph 12 of the Complaint are denied. Defendant specifically denies that Plaintiff was Disabled as defined by the Plan.

13. Defendant admits that the plaintiff's job description is contained within the administrative claim file, and that this document speaks for itself. The remaining allegations of

paragraph 13 of the Complaint are denied.  Defendant specifically denies that Plaintiff was Disabled as defined by the Plan.

14. Defendant is without information sufficient to form a belief as to the truth of the allegations made in paragraph 14 of the Complaint, therefore, the allegations of paragraph 14 of the Complaint are denied.  Defendant specifically denies that Plaintiff was Disabled as defined by the Plan.

15. Defendant is without information sufficient to form a belief as to the truth of the allegations made in paragraph 15 of the Complaint, except admits that Plaintiff visited a number of physicians regarding certain medical conditions as reflected in the information contained within the administrative claim file with respect to her claim for benefits under the Plan.  The remaining allegations of paragraph 15 of the Complaint are denied.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant states that the Plan speaks for itself and denies the allegations of paragraph 18 of the Complaint to the extent they attempt to paraphrase or re-characterize the terms of the Plan.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

## **TERMS OF THE PLAN**

22. Defendant states that the Plan speaks for itself and denies the allegations of paragraph 22 of the Complaint to the extent they attempt to paraphrase or re-characterize the terms of the Plan.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff was an employee eligible to participate in the Plan. The remaining allegations of paragraph 24 of the Complaint are denied.

## PLAINTIFF'S ADMINISTRATIVE CLAIM AND APPEALS

25. Defendant admits that Plaintiff submitted a claim for benefits under the Plan. The remaining allegations of paragraph 25 are denied.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant admits that by way of a letter dated February 24, 2009, Plaintiff, through counsel, submitted additional information to Defendant. The remaining allegations of paragraph 28 of the Complaint are denied.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

## COUNT ONE
### (Breach Of Fiduciary Duty In Denial of Benefits)

30. Defendant incorporates by reference its answers to paragraphs 1 through 29 of the Complaint as though the same were set forth here in full.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

Defendant responds to the unnumbered "WHEREFORE" paragraph of Plaintiff's Complaint requesting judgment in her favor by denying that she is entitled to any of the relief requested therein.

## COUNT TWO
### (Complaint to Recover Benefits Under ERISA Plan)

37. Defendant incorporates by reference its answers to paragraphs 1 through 36 of the Complaint as though the same were set forth here in full.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

Defendant responds to the unnumbered "WHEREFORE" paragraph of Plaintiff's Complaint requesting judgment in her favor by denying that she is entitled to any of the relief requested therein.

## COUNT THREE
### (Breach of Fiduciary Duty/Wrongful Denial of Benefits)

43. Defendant incorporates by reference its answers to paragraphs 1 through 42 of the Complaint as though the same were set forth here in full.

44. Defendant denies the allegations of paragraph 44 of the Complaint.

45. Defendant denies the allegations of paragraph 45 of the Complaint.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

Defendant responds to the unnumbered "WHEREFORE" paragraph of Plaintiff's Complaint requesting judgment in her favor by denying that she is entitled to any of the relief requested therein.

Defendant further states that any allegation not expressly admitted herein is denied, and that the following defenses are alleged:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is not entitled to any of the Plan benefits claimed in the Complaint.

### THIRD DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

### FOURTH DEFENSE

Defendant, as a Plan fiduciary, has discharged its duties with respect to the Plan in the interest of the Plan participants, and in so doing, Defendant has acted in accordance with the documents and instruments governing the Plan, as well as applicable law.

### FIFTH DEFENSE

Plaintiffs claims are barred, in whole or in part, because the administrative determination was neither arbitrary nor capricious, was reasonable and made in good faith, based on substantial evidence in the record and was in accordance with the terms of the Plan.

**SIXTH DEFENSE**

Plaintiff has failed to satisfy all conditions precedent to any claim for benefits in that she has, among other things, failed to provide sufficient proof of entitlement to benefits under the Plan.

**SEVENTH DEFENSE**

Defendant asserts that, in the event this Court determines that Plaintiff is entitled to benefits under the Plan, which Defendant denies, such benefits are subject to the terms of the Plan, including, but not limited to, a set-off for any additional other income benefits including, any social security disability income benefits from the Social Security Administration, any payments under any workers' compensation program, or any other such payments or benefits as set forth under the terms of the Plan.

**EIGHTH DEFENSE**

Plaintiff's claims for extracontractual, compensatory, and/or punitive damages are precluded as a matter of law.

**NINTH DEFENSE**

To the extent that Plaintiff asserts a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), Plaintiff cannot sustain such a claim because she seeks Plan benefits under 29 U.S.C. § 1132(a)(1)(B).

**TENTH DEFENSE**

All of plaintiff's claims are governed exclusively by ERISA, and remedies to which she may be entitled, if any, which defendants deny, are limited to those provided under ERISA. Any state law claims that plaintiff may be deemed to have asserted or may attempt to assert with regard to the allegations in the Complaint are preempted by ERISA.

**ELEVENTH DEFENSE**

In the event that plaintiff were to be found to be entitled to benefits at this time, which possibility defendants deny, such a finding would not resolve the issue of whether in the future plaintiff would continue to be entitled to benefits, given, *inter alia*, the possibility for future recovery from the alleged disability (the existence of which is denied), as well as the impact of various requirements, exclusions and/or limitations in the Plan documents and instruments.

**TWELFTH DEFENSE**

Defendant reserves the right to assert and/or rely upon any other affirmative and/or further defenses throughout the course of discovery and to amend its Answer up to and including the time of trial.

WHEREFORE, Defendant, having answered Plaintiff's Complaint, respectfully requests that the Court: enter judgment in favor of Defendant; dismiss all claims against Defendant with prejudice; award Defendant its costs and reasonable attorneys' fees; and allow Defendant such other relief as the Court may deem just and proper.

October 9, 2009

Respectfully submitted,

/s/ Christopher W. Hammond

Gail L. Westover (Fed. Bar No. 013752)
Christopher W. Hammond (Fed. Bar No. 29070)
Sutherland Asbill and Brennan LLP
1275 Pennsylvania Avenue NW
Washington, DC 20004
(202) 383-0100
(202) 637-3593 (facsimile)
Gail.Westover@sutherland.com
Christopher.Hammond@sutherland.com
Attorneys for Defendant

8624047.2

## **CERTIFICATE OF SERVICE**

I hereby certify, that on this 9th day of October 2009, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Eric J. Wexler, Esq., Attorney for Plaintiff.

/s/ Christopher W. Hammond
_____
Christopher W. Hammond, Esq.
Sutherland Asbill and Brennan LLP
1275 Pennsylvania Avenue NW
Washington, DC 20004
(202) 383-0100
(202) 637-3593 (facsimile)
Christopher.Hammond@sutherland.com
Attorney for Defendant